IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**ENRIQUE JERMAINE RICHARDSON,**        )
**a/k/a SIKANU NIH EL BEY,**            )
**a/k/a SAKHANU NAHOLO MSTABEH,**       )
                                        )
    **Plaintiff,**                      )
                                        )
**v.**                                  )       No. 19-2153-TLP-tmp
                                        )
**STATE OF TENNESSEE, et al.,**         )
                                        )
    **Defendants.**                     )
_____

**REPORT AND RECOMMENDATION**
_____

On March 5, 2019, Plaintiff Enrique Jermaine Richardson, a/k/a Sikanu NIH El Bey, a/k/a Sakhanu Naholo Mstabeh, filed a *pro se* complaint and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) Richardson's motion to proceed *in forma pauperis* is not complete and does not provide the court with sufficient financial information to determine if he is unable to pay the civil filing fee. The court therefore ordered Richardson to either submit a properly completed and executed *in forma pauperis* application or pay the $400.00 civil filing fee by April 8, 2019. (ECF No. 6.) The court further ordered the Clerk of Court to send Richardson both a copy of that order and

---

[1] Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

a non-prisoner *in forma pauperis* affidavit. And the court warned Richardson that failure to comply in a timely manner would result in a recommendation to the presiding district judge that this action be dismissed pursuant to Federal Rules of Civil Procedure 41(b). The initial mailing was returned undeliverable. (ECF No. 7.) The docket shows that the order and affidavit were mailed to the forwarding address on the return envelope on March 15, 2019. As of April 15, 2019, Richardson has taken no action. The undersigned thus recommends that Richardson's complaint be dismissed without prejudice for failure to prosecute.

An action may be dismissed if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication on the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotations omitted). The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3)

2

>  whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (citing Knoll, 176 F.3d at 363). Based on these factors, the undersigned submits that dismissal of Richardson's complaint is appropriate.

First, Richardson's failure to prosecute appears to be willful; he has failed to respond to a court order even after the court resent the order to his forwarding address. Second, none of the defendants have been prejudiced by Richardson's failure to prosecute as no service has been issued and no party has taken any action in this court. Third, Richardson has been warned that his case could be dismissed if he failed to comply with the court's orders. Fourth, while less drastic measures have been considered, the court finds that, given the recommendation of dismissal without prejudice, this sanction of dismissal is appropriate under the circumstances. Courts have held that *pro se* litigants must keep the court informed of their current address and failure to do so warrants dismissal for failure to prosecute. See Robinson v. Comm'r of Soc. Sec., No. 11-cv-2195-SHM-tmp, 2017 WL 6539447, at *2 (W.D. Tenn. Dec. 21, 2017); see also White v. City of Grand Rapids, 34 F. App'x 210, 211 (6th Cir. 2002); Buck v. U.S. Dept. of Agriculture, Farmers

3

Home Admin., 960 F.2d 603, 608-09 (6th Cir. 1992); Harkleroad v. Astrue, No. 4:03-cv-15, 2011 WL 3627161, at *3 (N.D. Ohio Aug. 17, 2011).

For these reasons, the undersigned recommends that Richardson's complaint be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); Wu, 420 F.3d at 643.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
UNITED STATE MAGISTRATE JUDGE

April 15, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**